IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOTIOS THEODOSOPOULOS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| NCO FINANCIAL SYSTEMS, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Fotios Theodosopoulos brings this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. ("NCO"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received within this District; and

   b. Defendant does or transacts business within this District.

### PARTIES

4. Plaintiff Fotios Theodosopoulos is an individual who resides in the Northern District of Illinois.

5. Defendant NCO is a foreign corporation with its principal place of business at 507 Prudential Road, Horsham, PA 19044. It does business in Illinois.

6. NCO operates a collection agency and uses the mail to collect debts originally owed, if at all to others.

7. NCO is a "debt collector" as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from plaintiff a debt incurred for personal, family or household purposes and not for business purposes.

9. On or about April 17, 2012, a representative of defendant called plaintiff's neighbor, Elli Fousias, and left a message as follows:

> This is an important message from NCO Financial Systems. The client asked that we notify you that this is a debt collection company. This is an attempt to collect a debt and information obtained will be used for that purpose. Please return the call at 866-222-5444. When calling back please use your reference ID number 32037140. Once again that number is 866-222-5444. Thank you.

10. Defendant also contacted plaintiff's brother-in-law, by telephone.

11. Plaintiff was upset and embarrassed as a result.

## COUNT I – FDCPA

12. Plaintiff incorporates paragraphs 1-11.

13. Defendant violated 15 U.S.C. §1692c by contacting a third party about the debt.

14. 15 U.S.C. §1692c(b) provides:

**Except as provided [15 U.S.C. §1692b] of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector....**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

15. Plaintiff incorporates paragraphs 1-11.

16. Defendant is a "collection agency" as defined in the ICAA.

17. Defendant violated the following provision of 225 ILCS 425/9:

**(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**

18. Defendant also violated 225 ILCS 425/9.2(b), which provides that,

**except as provided in [225 ILCS 425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency....**

19. Plaintiff may seek relief through a private action. *Sherman v. Field Clinic*, 74 Ill.App.3d 21, 392 N.E.2d 154 (1st Dist. 1979); *Sawyer Realty Group, Inc. v. Jarvis Corp. et al*, 89 Ill.2d 379, 386; 432 N.E.2d 849, 852 (1982).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

(1) Compensatory and punitive damages;

(2) Costs; and

(3) All other proper relief.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
 & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOTIOS THEODOSOPOULOS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| Defendant. | ) |

## VERIFICATION

I, Fotios Theodosopoulos, hereby declares under penalty of perjury, pursuant to 28 U.S.C. §1746 and all other applicable rules and laws, that the statements in the foregoing complaint are true.

Executed at Chicago, Illinois, on ___MAY 8th___, 2012.

_____
Fotios Theodosopoulos

**REDACTED**

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)